UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NIPPON YUSEN KAISHA a.k.a. NYK LINE,                ECF CASE

                Plaintiff,                              08 CV 3160 (GEL) (THK)

    — against —

CHARLOTTE INTERNATIONAL INC. and
NN SAFEWAY SHIPPING CO.,

                Defendants.
------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF CHARLOTTE INTERNATIONAL, INCORPORATED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

FENSTERSTOCK & PARTNERS LLP
BLAIR C. FENSTERSTOCK
JEANNE M. VALENTINE
30 WALL STREET
NEW YORK, NY 10005
(212) 785-4100

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

I. INTRODUCTION ..................................................................... 1

II. FACTUAL BACKGROUND ......................................................... 2

III. ARGUMENT .......................................................................... 4

    A. Dismissal Is Appropriate For Lack Of Personal Jurisdiction. ................ 4

        1. Dismissal Is Appropriate Because There Is No General Jurisdiction Over Charlotte. ........................... 4

        2. Dismissal Is Appropriate Because There Is No Specific Jurisdiction Over Charlotte ........................... 6

    B. Dismissal Is Appropriate For Improper Venue In The District. ............... 8

IV. CONCLUSION ....................................................................... 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
    466 U.S. 408 (1984) .................................................. 4, 7

*Int'l Shoe Co. v. Washington,*
    326 U.S. 310 (1945) .................................................... 8

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in*
    *Administrazione Straordinaria,* 937 F.2d 44 (2d Cir. 1991) ................ 5

*Masonite Corp. v. Hellenic Lines, Ltd.,*
    412 F. Supp. 434 (S.D.N.Y. 1976) ..................................... 5, 6

*Norvel Ltd. v. Ulstein Propeller,*
    161 F. Supp. 2d 190 (S.D.N.Y. 2001) .................................... 4

*United Trading Co. S.A. v. Reefer,*
    No. 95 Civ. 2846, 1996 WL 374154 (S.D.N.Y. July 2, 1996) ............... 5, 7

*Ziegler v. Rieff,*
    637 F. Supp. 675 (S.D.N.Y. 1986) ....................................... 9

## STATE CASES

*Laufer v. Ostrow,*
    55 N.Y.2d 305 (1982) ................................................... 5

## FEDERAL STATUTES

28 U.S.C. § 1391 ............................................................ 8, 9

## RULES

N.Y. C.P.L.R. § 301 ........................................................... 5

N.Y. C.P.L.R. § 302 ......................................................... 7, 8

Fed. R. Civ. P. 12(b)(2) ..................................................... 4, 9

Fed. R. Civ. P. 12(b)(3) ..................................................... 4, 9

## I. INTRODUCTION

Charlotte International, Inc. ("Charlotte") is a business incorporated in Virginia that purchases and sells buses and other automobiles for export to Saudi Arabi and other countries. Plaintiff, Nippon Yusen Kaisha, a.k.a. NYK Line ("NYK") is a shipping company that shipped buses sold by Charlotte to Taj Almoufy, a company located in Jeddah, Saudi Arabia. The buses were shipped from *Baltimore*. On March 28, 2008, NYK filed a Verified Complaint ("Complaint") against Charlotte, alleging a breach of contract and seeking recovery of $150,000 in unpaid ocean freight and other related charges. On March 31, 2008, NYK filed a memorandum of law in support of its application for process of maritime attachment and garnishment, in which it sought attachment of electronic fund transfers received by Charlotte that *might* be in or passing through certain New York banks. On April 9, 2008, the United States District Court for the Southern District of New York granted NYK's application for attachment and garnishment. It is respectfully submitted that Charlotte is not doing business in New York and has not transacted business in New York.

The Complaint does not allege any facts upon which the Court can exercise personal jurisdiction over Charlotte. Charlotte is a company incorporated under the laws of Virginia with its principal place of business in Fredericksburg, Virginia – basic facts that are not even alleged in the Complaint. *See* Affidavit of Khalid Almitairi ("Almitairi Aff.") at ¶ 3. Charlotte owns no real property in the State of New York and maintains no offices or residences in New York. *Id.* at ¶ 6. Charlotte employs approximately four employees and none of its employees work or live in New York. *Id.* at ¶¶ 4, 5. Furthermore, Charlotte maintains no phone lines, bank accounts, agents or other property in New York. *Id.* at ¶ 6. Additionally, Charlotte does not have any customers in New York, nor does it transact business in New York, including but not limited to soliciting customers,

1

making purchases, or shipping from New York. *Id.* at ¶ 7. Charlotte does not purchase any merchandise or contract to sell any merchandise in New York, nor does it utilize New York as a port of origin from which to ship merchandise. *Id.* at ¶¶ 7, 8. In light of these facts, and the absence of any facts in Plaintiff's Complaint with respect to personal jurisdiction, there is no basis to support this Court's exercise of personal jurisdiction over Charlotte in this matter.

NYK's Complaint contains no allegations sufficient to establish personal jurisdiction over Charlotte, asserting only federal jurisdiction over the admiralty nature of the claim. Because Charlotte has no contacts, let alone sufficient minimum contacts, in the State of New York, the exercise of either general or specific jurisdiction over Charlotte is improper. Further, because Charlotte is not subject to personal jurisdiction in New York, because no acts of breach are alleged to have occurred in or originated from New York, and because Charlotte is incorporated in Virginia and thus subject to the laws of that jurisdiction, venue is also improper.

Accordingly, dismissal of this action is appropriate under Fed. R. Civ. P. 12(b)(2) and (3) because the Court lacks personal jurisdiction over Charlotte and venue is improper in this district.

## II. FACTUAL BACKGROUND

This case arises from a transaction in late 2006, when Charlotte entered into a contract with NYK to ship buses and automobiles to a purchaser, Taj Almoufy, located in Jeddah, Saudi Arabia. Charlotte had used NYK to ship similar merchandise in the past – and, in fact continues to use NYK presently – and maintained a professional on-going business relationship in which no complaints or breaches had ever previously occurred. Pursuant to Charlotte's agreement with NYK, on November 30, 2006, NYK shipped Charlotte's cargo to Taj Almoufy in Jeddah. NYK loaded the cargo in the Port of Baltimore, Maryland, and purportedly transported it to Jeddah, Saudi Arabia,

where the purchaser, Taj Almoufy, had contracted to pay for ocean freight and shipping costs, pursuant to the Bill of Lading.

Charlotte, upon transferring the title for the vehicles and the Bill of Lading to Taj Almoufy, retained no claims or rights to the merchandise. Indeed, after Taj Almoufy purchased the merchandise and wired the funds to Charlotte's bank account in Fredericksburg, Virginia, and Charlotte relinquished control of the title and Bill of Lading to NYK, Charlotte no longer maintained any ownership interest, or legal title to, the cargo. Pursuant to the Bill of Lading, Taj Almoufy bore sole responsibility to pay all shipping costs to NYK. In fact, had NYK delivered the merchandise to the port at Jeddah and found Taj Almoufy delinquent or otherwise unwilling to pay for the shipping costs, NYK could have, pursuant to the Bill of Lading, refused to relinquish the cargo, placed a lien on the merchandise, and privately sold, publicly auctioned, or otherwise disposed of the merchandise to cover the shipping costs. If the sale of the merchandise did not then yield sufficient profit to satisfy the shipping costs, NYK would be permitted to seek the remainder of the shipping costs from Charlotte, the original merchant.

In the present case, once Charlotte received payment from Taj Almoufy for the merchandise, and Charlotte relinquished control over the merchandise to NYK, Charlotte's role in this transaction ended. Plaintiff's Complaint fails to allege what transpired once NYK received the cargo from Charlotte and whether this cargo was successfully delivered to Taj Almoufy. Nor are there any facts in the Complaint regarding the status of the cargo shipped by Charlotte, and whether NYK retained control over the cargo, or sold, auctioned, or otherwise disposed of the cargo. Indeed, there is hardly any mention at all in the Complaint of any facts relevant to this dispute.

More importantly, however, there is no basis whatsoever in the Complaint for asserting personal jurisdiction, either general or specific, over Charlotte. Plaintiff's failure to allege any basis for personal jurisdiction is fatal to this case and as a result, the Complaint must be dismissed under Fed. R. Civ. P. 12(b)(2) and (3).

### III. ARGUMENT

#### A.   Dismissal Is Appropriate For Lack Of Personal Jurisdiction.

NYK, in bringing suit, "bears the ultimate burden of establishing that the court has jurisdiction over the defendant." *Norvel Ltd. v. Ulstein Propeller*, 161 F. Supp. 2d 190, 199 (S.D.N.Y. 2001) (*citing Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999); *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996)). Constitutional requirements of due process may be satisfied by either of two types of personal jurisdiction exercised over out-of-state defendants: general and specific. The exercise of general jurisdiction is proper where the defendant has "continuous and systematic" contacts with the forum state even if those contacts are not related to the plaintiff's cause of action. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-416 (1984). Specific jurisdiction is found only when the cause of action arises directly out of the defendant's contacts with the forum state. *Id.* at 414, n. 8. Plaintiff has failed to set forth a basis for either general or specific personal jurisdiction.

#### 1.   Dismissal Is Appropriate Because There Is No General Jurisdiction Over Charlotte.

NYK's Complaint does not advance any basis for general personal jurisdiction over Charlotte, and alleges no facts whatsoever that would support such an argument. Even if NYK had included such an argument, the Complaint should nevertheless be dismissed because Charlotte is not subject to general jurisdiction in New York since it lacks sufficient minimum contacts with

4

which it is "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' here in this jurisdiction." *Laufer v. Ostrow*, 55 N.Y.2d 305, 309-310 (1982). In admiralty cases, personal jurisdiction is governed by the law of the forum state. *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Administrazione Straordinaria*, 937 F.2d 44, 50 (2d Cir. 1991). In New York, the governing long-arm statute is set forth in §§ 301 and 302 of the New York Civil Practice Law and Rules ("CPLR"), which provides the sole basis for jurisdiction. CPLR § 301 "provides for general jurisdiction over defendant corporations that are 'doing business' in New York." *Id.*; *see Laufer*, 55 N.Y.2d at 310-311.

General jurisdiction in admiralty cases is tested against the sufficiency of contacts with the forum state so as to constitute "doing business." *Id.* Such sufficient contacts include activities such as owning real property, renting an office, having local automobiles, possessing a New York telephone number, and maintaining a bank account. *Klinghoffer*, 937 F.2d at 51. It is essential to note that these acts are sufficient *taken together*, not distinguished separately. *Id.* New York Courts have ruled consistently that merely possessing a bank account in a district does not, by itself, constitute "doing business." *United Trading Co. S.A. v. Reefer*, No. 95 Civ. 2846, 1996 WL 374154, at *2 (S.D.N.Y. July 2, 1996). Moreover, the mere wiring of funds into a jurisdiction, or the passing of funds through a jurisdiction, is not sufficient to confer general jurisdiction. *Id.* at *3.

In New York, general jurisdiction is measured by the "corporate presence" doctrine under CPLR § 301. Under the "corporate presence" doctrine, "a foreign corporation is considered present within the state if it does local business 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Masonite Corp. v. Hellenic Lines, Ltd.*, 412 F. Supp. 434, 438 (S.D.N.Y. 1976) (*citing Tauza v. Susquehanna Coal Co.*, 115 N.E. 915, 220 N.Y. 259 (1917)).

Thus, in *Masonite Corp.*, the court in applying the corporate presence doctrine found a lack of corporate presence of a third-party defendant corporation, because the corporation "solicit[ed] no business and [did] not conduct any regular service to or from New York, whether by business representative or subsidiary." 412 F. Supp. at 438.

In the case at hand, Charlotte does not have *any* contacts in New York. Indeed, Charlotte does not even maintain an office, telephone number, mail address, or bank account in New York. Further, Charlotte has not conducted *any* business in New York, *maintains no customers* or other contacts in New York, owns no property in New York, holds no offices, mailboxes, employees, solicits no business from the State, and receives no benefit or protection from New York's laws. Charlotte has never purchased any buses or automobiles from New York, has not entered into any contracts in New York, and has not sold any merchandise in New York or to a New York customer. New York has never been a port of origin from which Charlotte has shipped any goods. Under the "corporate presence" doctrine, general jurisdiction over Charlotte is improper because not only does Charlotte not engage in local business in an occasional or casual manner, but Charlotte does not engage in local business *at all* in New York. Charlotte's lack of contacts in New York is similar to that of the third-party defendant in *Masonite Corp.*, where the court dismissed the defendant. In light of these facts, New York has no general jurisdiction over Charlotte.

### 2. Dismissal Is Appropriate Because There Is No Specific Jurisdiction Over Charlotte.

NYK's Complaint also does not allege specific jurisdiction as a basis for asserting personal jurisdiction over Charlotte. A defendant is subject to specific personal jurisdiction "when a controversy is related to or 'arises out of' a defendant's contacts with the forum." *Helicopteros*, 466 U.S. at 414 (*citing Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). For the purposes of admiralty law,

CPLR § 302 "permits the exercise of *in personam* jurisdiction over a foreign corporation if the plaintiff's claim arises out of the corporation's transaction of business within the state." *Reefer*, 1996 WL 374154, at *1 (*citing Uni Petro v. Mt. Lotus Maru*, 607 F. Supp. 108, 110 (S.D.N.Y. 1985)). The precise language of New York's long-arm statute permits the exercise of specific jurisdiction for "a cause of action arising from any of the acts enumerated in this section" over foreign corporations.[1]

The case or controversy NYK alleges in its Complaint, at ¶¶ 3-4, did not arise out of any specific contact or dealings Charlotte has in New York. Charlotte does not purposely avail itself of the benefits or protection of New York laws. Likewise, it does not have an office in New York, nor does it solicit business in New York, such that these contacts gave rise to the alleged cause of action at hand. Thus, subjecting Charlotte to personal jurisdiction does not comport with the hallmarks of constitutionality because Charlotte does not possess the "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Furthermore, Charlotte has not committed a tortious act pursuant to CPLR § 302(a)(1)-(2), either within New York or to anyone

---

[1] CPLR § 302 provides for specific jurisdiction over a foreign corporation that engages in the following activities, should the cause of action arise from one of them:
1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
   (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
   (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
4. owns, uses or possesses any real property situated within the state.

7

in New York. Charlotte's utter lack of contacts in New York does not allow specific jurisdiction under CPLR § 302(a)(1); likewise, Charlotte's lack of ownership of any property within New York renders CPLR § 302(a)(4) inapplicable. This is also not a case where the action arose out of a dispute concerning Charlotte's (utterly nonexistent) contact with the State of New York. Thus, specific jurisdiction over Charlotte cannot be maintained. The cargo at issue in this dispute, that was purchased by Taj Almoufy and shipped by NYK, was not bought from, shipped from, or in any way related to the State of New York, and thus, New York does not have any interest in this dispute. As a result, Plaintiff's Complaint should be dismissed.

### B.  Dismissal Is Appropriate For Improper Venue In The District.

28 U.S.C. § 1391 is the applicable venue statute for admiralty claims. The plain language of the statute considers defendant corporations as residents of "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c) (2006). If the corporation is subject to personal jurisdiction in multiple jurisdictions, then the corporation "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." *Id.* However, if the corporation does not have such contacts with any district, then "the corporation shall be deemed to reside in the district within which it has the most significant contacts." *Id.*

Venue is proper in an *in personam* admiralty claim whenever the defendant may be personally served within the district. In admiralty practice, "personal jurisdiction and venue analyses merge so that venue is proper in any district in which valid service of process may be had on the defendant." *Ziegler v. Rieff*, 637 F. Supp. 675, 677-678 (S.D.N.Y. 1986) (citations omitted).

In the case of Charlotte, venue is proper in any judicial district in which the defendant is

subject to personal jurisdiction pursuant to 28 U.S.C. § 1391(c). However, as explained above, because Charlotte has absolutely no presence in New York, venue is likewise inappropriate in this action. Accordingly, Plaintiff's Complaint must be dismissed.

## IV. CONCLUSION

For the reasons stated above, Charlotte respectfully requests that the Court dismiss the Verified Complaint under Fed. R. Civ. P. 12(b)(2) and (3).

Dated: New York, New York
       June 11, 2008

                                        FENSTERSTOCK & PARTNERS LLP

                                    By: _____
                                        Blair C. Fensterstock (BF-2020)
                                        Jeanne M. Valentine (JV-3144)

                                        30 Wall Street, 9th Floor
                                        New York, New York 10005
                                        (212) 785-4100

                                        *Attorneys for Defendant Charlotte
                                        International Inc.*