UNITED STATES DISTRICT COURT                    ECF CASE

SOUTHERN DISTRICT OF NEW YORK                  08 CV 3160 (GEL)

---

NIPPON YUSEN KAISHA a.k.a. NYK LINE,

                                        Plaintiff,

        - against -

CHARLOTTE INTERNATIONAL INC. and
NN SAFEWAY SHIPPING CO.,

                                        Defendants.

PLAINTIFF'S ATTORNEY'S
DECLARATION IN OPPOSITION TO
THE DISMISSAL MOTION OF
DEFENDANT, CHARLOTTE
INTERNATIONAL INC.

---

        JOSEPH De MAY, JR. declares that the following statement is true under penalty of

perjury:

        1.      I am an attorney-at-law admitted to practice before this Court, and I am a member

of the firm of Cichanowicz Callan Keane Vengrow & Textor, LLP, attorneys for plaintiff in the

above captioned matter.

        2.      I am fully familiar with the facts and circumstances of this matter, and except as

otherwise indicated, I submit this declaration on personal knowledge in opposition to the motion

of defendant, CHARLOTTE INTERNATIONAL INC., to dismiss the claims against it for lack

of personal jurisdiction.

                        <u>DOCUMENTARY EXHIBITS</u>

        3.      Attached to this declaration as lettered exhibits are true and complete copies of

the following:

                PLAINTIFF'S EXHIBIT A:          The complaint in this action.

                PLAINTIFF'S EXHIBIT B:          The docket sheet in this action.

PLAINTIFF'S EXHIBIT C:        Process of maritime attachment and garnishment issued in this case.

PLAINTIFF'S EXHIBIT D:        Email from Citibank dated May 1, 2008.

<u>SUMMARY OF BASIS FOR OPPOSING MOTION</u>

4.     Plaintiff opposes the motion on grounds that it has obtained a maritime attachment of property in which defendant has an interest totaling $25,980.00. That gives the Court quasi-in-rem jurisdiction to adjudicate this case up to the amount attached irrespective of the lack of personal jurisdiction over defendant, CHARLOTTE.

<u>BASIS FOR OPPOSING MOTION</u>

5.     Plaintiff commenced this action on March 28, 2008 to recover $150,000 due it from defendants under bill of lading contract of carriage no. NYKS390048287 dated November 30, 2006 from Baltimore, MD to Jeddah – the $150,000 comprising the principal amount of plaintiff's claim together with interest, costs and disbursements. *Pltff's Opp. Exhibits A and B.*

6.     The complaint requested prejudgment relief in the form of a maritime attachment pursuant to Supplemental Admiralty Rule B. *Pltff's Opp. Exhibit A, p. 4; CHARLOTTE's Mov. Mem., p. 1.*

7.     As explained in the accompanying memorandum of law, a maritime attachment under Supplemental Admiralty Rule B is only allowed where the defendant is not subject to personal jurisdiction or amenable to service of process in the district in which the process issues.

8.     Process of maritime attachment and garnishment issued on April 9, 2008. *Pltff's Opp. Exhibits C and B.*

9.    Pursuant to that process, funds of $25,980.00 in which defendant, CHARLOTTE, has an interest were attached in the hands of garnishee, Citibank, N.A., on May 1, 2008.  *Pltff's Opp. Exhibit D.*

10.    Defendant, CHARLOTTE, has not moved to vacate the attachment.

WHEREFORE, plaintiff respectfully request that plaintiff's motion to dismiss for lack of personal jurisdiction be denied.

Dated: New York, NY, June 25, 2008

/s/ _____Joseph De May, Jr._____

JOSEPH De MAY, JR. [JD-9105]

# PLAINTIFF'S EXHIBIT A

NITED STATES DISTRICT COURT                    ECF CASE

SOUTHERN DISTRICT OF NEW YORK                  08 CV 3160 (GEL)

NIPPON YUSEN KAISHA a.k.a. NYK LINE,

                                    Plaintiff,

         - against -                                  VERIFIED COMPLAINT IN
                                                      ADMIRALTY
CHARLOTTE INTERNATIONAL INC. and
NN SAFEWAY SHIPPING CO.,

                                    Defendants.

        Plaintiff, by its attorneys, Cichanowicz Callan Keane Vengrow & Textor, LLP, for its

complaint, alleges on information and belief:

        1.      The jurisdiction of this Court is based upon the admiralty and maritime nature of

the claims within the meaning of 28 U.S.C. 1333(1) and F.R.Civ.P. 9(h).

        2.      Defendants were the shippers, consignors and billing parties of certain cargoes

loaded and carried by plaintiff by sea pursuant to its bill of lading contract of carriage no.

NYKS390048287 dated November 30, 2006 from Baltimore, MD to Jeddah.

        3.      Pursuant to said contract of carriage, there is now due and owing to plaintiff from

the defendants ocean freight and other charges in the aggregate amount of $102,895.60, no part

of which has been paid although duly demanded.

        4.      Plaintiff sues on theories of breach of contract and account stated.

        5.      All conditions precedent have been performed or have occurred.

        6.      By agreement between the parties, in any successful action brought by plaintiff

against defendant for recovery of amounts due plaintiff, plaintiff shall also recover its attorneys'

fees, costs and disbursements.

WHEREFORE, Plaintiff prays:

(a)    That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction issue against the defendant, citing it to appear and answer under oath all and singular the matters alleged;

(b)    That since the defendants cannot be found within the district pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishees to be named in the process up to the amount of $150,000.00 which represents plaintiff's good faith estimate of the principal amount, prejudgment interest, attorneys' fees, costs and disbursements sued for  to secure the plaintiff's claim, and that all persons claming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

(c)    That plaintiff have judgment for the amount of its claim together with interest plus the costs and disbursements of this action.

Dated: New York, NY, March 28, 2008

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Plaintiff

By: _____Joseph De May, Jr._____
  Joseph De May, Jr. [JD-9105]
  61 Broadway, Suite 3000
  New York, New York 10006-2802
(212)344-7042

2

## ATTORNEY VERIFICATION

The undersigned declares that the following statement is true under the penalties of perjury:

1.      I am over 18 years of age, of sound mind, capable of making this verification and fully competent to testify to all matters stated herein.

2.      I am attorney for the plaintiff in this action and I am fully authorized to make this verification on its behalf.

3.      I have read the foregoing complaint, and the contents thereof are true and accurate to the best of my knowledge upon information and belief.

4.      The reason that this verification was made by me and not the plaintiff is that the plaintiff is a corporation, none of whose officers are present in the district.

5.      The source of my knowledge is information and records furnished to me by the plaintiff and its underwriters, all of which I believe to be true and accurate.


Dated: New York, New York

      March 28, 2008

                                                  Joseph De May, Jr.

                                           Joseph De May, Jr. [JD-9105]

# PLAINTIFF'S EXHIBIT B

ECF

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:08-cv-03160-GEL

| | |
|---|---|
| Nippon Yusen Kaisha v. Charlotte International Inc. et al | Date Filed: 03/28/2008 |
| Assigned to: Judge Gerard E. Lynch | Jury Demand: None |
| Demand: $150,000 | Nature of Suit: 120 Contract: Marine |
| Cause: 28:1333 Admiralty | Jurisdiction: Federal Question |

**Plaintiff**

**Nippon Yusen Kaisha**                          represented by   **Joseph Francis De May, Jr**
*also known as*                                                  Cichanowicz Callan Keane Vengrow &
NYK Line                                                         Textor. LLP
                                                                 61 Broadway
                                                                 Suite 3000
                                                                 New York, NY 10006
                                                                 (212) 344-7042
                                                                 Fax: (212) 344-7285
                                                                 Email: JDeMay@cckvt.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Charlotte International Inc.**                 represented by   **Blair Courtney Fensterstock**
                                                                 Fensterstock & Partners LLP
                                                                 30 Wall Street
                                                                 New York City, NY 10013
                                                                 (212) 785-4100
                                                                 Fax: (212) 785-4040
                                                                 Email: bfensterstock@fensterstock.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Jeanne Marie Valentine**
                                                                 Fensterstock & Partners LLP
                                                                 30 Wall Street
                                                                 New York City, NY 10013
                                                                 (212)785-4100
                                                                 Fax: (212)785-4040
                                                                 Email: jvalentine@fensterstock.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**NN Safeway Shipping Co.**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 04/01/2008 | 1 | COMPLAINT against Charlotte International Inc., NN Safeway Shipping Co.. (Filing Fee $ 350.00, Receipt Number 646145)Document filed by Nippon Yusen Kaisha.(mbe) (mbe). (Entered: 04/02/2008) |
| 04/01/2008 |   | SUMMONS ISSUED as to Charlotte International Inc., NN Safeway Shipping Co.. (mbe) (Entered: 04/02/2008) |
| 04/01/2008 |   | Magistrate Judge Theodore H. Katz is so designated. (mbe) (Entered: 04/02/2008) |
| 04/01/2008 |   | Case Designated ECF. (mbe) (Entered: 04/02/2008) |
| 04/01/2008 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Nippon Yusen Kaisha.(mbe) (mbe). (Entered: 04/02/2008) |
| 04/09/2008 | 3 | ORDER APPOINTING SUBSTITUTE PROCESS SERVER. Any attorney or clerk employed by the law firm of Cichanowicz Callan Keane Vengrow & Textor, LLP who is over 18 years of age and is not a party to this action, be and hereby is appointed to serve Process of Maritime Attachment and Garnishment, supplemental process, and a copy of the Verified Complaint on all garnishees to be served herein. (Signed by Judge Gerard E. Lynch on 4/9/08) (djc) (Entered: 04/11/2008) |
| 04/09/2008 | 4 | EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT. That Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for any of the defendants by any garnishees with in this District to be named in the process, in an amount up to and including the amount of $150,000.00, that amount being a good faith estimates of plaintiff's claim including interests, costs, and reasonable attorneys' fees, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; Any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; Supplemental process enforcing the Court's order may be issued by the Clerk upon application without further Order of the Court; Pursuant to Federal Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; a copy of this Order shall be attached to and served with said Process of Maritime Attachment and Garnishment. (Signed by Judge Gerard E. Lynch on 4/9/08) (djc) (Entered: 04/11/2008) |
| 04/10/2008 |   | MARITIME ATTACHMENT AND GARNISHMENT ISSUED as to Charlotte International Inc., NN Safeway Shipping Co. on 4/9/08 in the amount of $150,000.00. (djc) (Entered: 05/02/2008) |
| 04/23/2008 | 5 | CERTIFICATE OF SERVICE of Process of Maritime Attachment and Garnishment and supporting papers served on Various Banks on 4/21 - 22/2008. Document filed by Nippon Yusen Kaisha. (De May, Joseph) (Entered: 04/23/2008) |

| 05/21/2008 | 6 | FILING ERROR - DEFICIENT DOCKET ENTRY - NOTICE OF APPEARANCE by Jeanne Marie Valentine on behalf of Charlotte International Inc. (Valentine, Jeanne) Modified on 5/22/2008 (db). (Entered: 05/21/2008) |
| --- | --- | --- |
| 05/22/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Jeanne Marie Valentine to RE-FILE Document 6 Notice of Appearance. ERROR(S): Name of Attorney Filing Appearance (Jeanne Marie Valentine) Does Not Match Attorney Signing Notice (Blair C. Fensterstock) of Appearance. (db) (Entered: 05/22/2008) |
| 05/22/2008 | 7 | NOTICE OF APPEARANCE by Jeanne Marie Valentine on behalf of Charlotte International Inc. (Valentine, Jeanne) (Entered: 05/22/2008) |
| 05/28/2008 | 8 | STIPULATION AND ORDER: the time for Defendant Charlotte International Inc. to answer, move or otherwise respond to the Complaint, shall be adjourned through and including 6/11/08. (Signed by Judge Gerard E. Lynch on 5/22/08) (tro) (Entered: 05/28/2008) |
| 06/11/2008 | 9 | MOTION to Dismiss for Lack of Jurisdiction. Document filed by Charlotte International Inc.. Responses due by 6/25/2008 Return Date set for 7/3/2008 at 10:00 AM.(Fensterstock, Blair) (Entered: 06/11/2008) |
| 06/11/2008 | 10 | AFFIDAVIT of Khalid Almitairi in Support re: 9 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Charlotte International Inc.. (Fensterstock, Blair) (Entered: 06/11/2008) |
| 06/11/2008 | 11 | MEMORANDUM OF LAW in Support re: 9 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Charlotte International Inc.. (Fensterstock, Blair) (Entered: 06/11/2008) |

| PACER Service Center | | |
| --- | --- | --- |
| Transaction Receipt | | |
| 06/25/2008 13:30:29 | | |
| PACER Login: | cc0860 | Client Code: | Optional for PACER use only |
| Description: | Docket Report | Search Criteria: | 1:08-cv-03160-GEL |
| Billable Pages: | 2 | Cost: | 0.16 |

# PLAINTIFF'S EXHIBIT C

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

ECF CASE

08 CV 3160 (GEL)

---

NIPPON YUSEN KAISHA a.k.a. NYK LINE,

                                        Plaintiff,

   - against -

CHARLOTTE INTERNATIONAL INC. and
NN SAFEWAY SHIPPING CO.,

                                        Defendants.

~~SUMMONS AND~~ PROCESS OF MARITIME ATTACHMENT AN~~D GARNISHMENT~~

---

THE PRESIDENT OF THE UNITED STATES OF AMERICA.

To the Marshal of the U.S. District Court for the Southern District of New York, GREETINGS:

WHEREAS, the attached Verified Complaint in admiralty was filed herein for damages alleged to be due the said Plaintiff and praying that process of attachment and garnishment be issued;

WHEREAS, said Verified Complaint is supported by a declaration that the defendant, CHARLOTTE INTERNATIONAL INC. and NN SAFEWAY SHIPPING CO., cannot be found in this District;

NOW, THEREFORE, we do hereby command that you attach goods, chattels, credits, and effects up to the amount sued for each of the following defendants:

1.)    CHARLOTTE INTERNATIONAL INC. and

2.)    NN SAFEWAY SHIPPING CO.,

namely: the property of defendant within the District, including monies owed to each defendant by, or otherwise held by the following garnishees, to the extent of $150,000.00:

AMERICAN EXPRESS BANK
c/o Zeichner Ellman & Krause LLP
575 Lexington Avenue, New York, NY 10022

BANK OF AMERICA
345 Park Avenue, New York, NY

BANK OF CHINA
410 Madison Avenue, New York, NY

BANK OF NEW YORK
120 Broadway, Legal Dept., 19th Fl., New York, NY

BARCLAY'S BANK
200 Park Avenue, New York, NY

BNP PARIBAS
787 Seventh Avenue, New York, NY

CITIBANK, N.A.
90 Park Avenue at East 40th Street, New York, NY

CREDIT SUISSE FIRST BOSTON
One Madison Avenue, New York, NY

HSBC (USA) BANK
452 Fifth Avenue, New York, NY

J.P. MORGAN CHASE BANK
1 Chase Manhattan Plaza, New York, NY

STANDARD CHARTERED BANK
1 Madison Avenue, New York, NY

WACHOVIA BANK
360 Madison Avenue, New York, NY

And, that you promptly, after execution of this process, file same with the Court, with your return thereon; and

The Garnishee is required, pursuant to Rule B(3)(a) of the Supplement Rules for Certain Admiralty and Maritime Claims, to serve upon Plaintiff's attorneys, Cichanowicz, Callan, Keane,

Vengrow & Textor, LLP, 61 Broadway, Suite 3000, New York, New York 10006-2802, an answer to

the Verified Complaint, together with answers to any interrogatories which may be served with the

Verified Complaint, within 20 days after service of this Summons With Process of Maritime

Attachment and Garnishment.

Defendants are required, pursuant to Rule B(3)(b) of the Supplemental Rules for Certain

Admiralty and Maritime Claims, to serve upon Plaintiff's attorneys, Cichanowicz, Callan, Keane,

Vengrow & Textor, LLP, 61 Broadway, Suite 3000, New York, New York 10006-2802, its answer

within 30 days after process has been executed, whether by attachment of property or service on the

garnishee

WITNESS, The Honorable Judges of this
Court on this ___9___ day of April, 2008
**J. MICHAEL McMAHON**
_____, Clerk

By: _____

                             Deputy Clerk

**CERTIFIED AS A TRUE COPY ON**

**THIS DATE** ___04-09-08___

**BY** _____

                    ( ) **Clerk**
                    ( ) **Deputy**

3

ORIGINAL
Lynch, Jr

UNITED STATES DISTRICT COURT          ECF CASE

SOUTHERN DISTRICT OF NEW YORK          08 CV 3160 (GEL)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04-9-08

---

NIPPON YUSEN KAISHA a.k.a. NYK LINE,

                                        Plaintiff,

        - against -

CHARLOTTE INTERNATIONAL INC. and
NN SAFEWAY SHIPPING CO.,
                                        Defendants.

EX PARTE ORDER FOR PROCESS OF
MARITIME ATTACHMENT AND
GARNISHMENT

---

WHEREAS, on March 28, 2008. Plaintiff filed a Verified Complaint herein for damages against one or more of the defendants, which, together with interest, costs and contractual attorneys' fees, plaintiff estimates to be $150,000.00, and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

WHEREAS, the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of the property of the defendants within the District of this Court; and

WHEREAS, the Court has reviewed the Verified Complaint and the supporting declaration, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

ORDERED, that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for any of the defendants by any garnishees within this District to be named in the process, in an amount up to and including the amount of $150,000.00, that amount being a good faith estimates of plaintiff's claim including interests, costs,

and reasonable attorneys' fees,  pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

ORDERED, that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

ORDERED, that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

ORDERED, that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission to any garnishee that advises Plaintiff that it consents to such service; and it is further

ORDERED, that service on any garnishee as described above is deemed effective continuous service throughout that day from the time of such service through the opening of the garnishee's business the next business day; and it is further

ORDERED, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further

ORDERED, that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

Dated:        New York, New York, April  9 , 2008

_____
U.S.D.J.

CERTIFIED AS A TRUE COPY ON

THIS DATE ___04-09-08___

BY _____

( ) Clerk

( ) Deputy

2

*ORIGINAL*
*LYN(9,5,*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

ECF CASE

08 CV 3160 (GEL)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04-9-08

---

NIPPON YUSEN KAISHA a.k.a. NYK LINE,

                                         Plaintiff,

    - against -

CHARLOTTE INTERNATIONAL INC. and
NN SAFEWAY SHIPPING CO.,

                                         Defendants.

---

ORDER APPOINTING SUBSTITUTE
PROCESS SERVER

Plaintiff, having moved for an Order pursuant to Supplemental Admiralty Rule B(1)(d)(ii) appointing any attorney or clerk employed by its attorneys, Cichanowicz Callan Keane Vengrow & Textor, LLP, and who is over 18 years of age and is not a party to this action, or any licensed process server to serve an attachment and garnishment in this matter, and it appearing that such appointment will result in economies of time and expense,

NOW, on motion of, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP attorneys for Plaintiff, it is

ORDERED, that any attorney or clerk employed by the law firm of Cichanowicz Callan Keane Vengrow & Textor, LLP who is over 18 years of age and is not a party to this action, be and hereby is, appointed to serve Process of Maritime Attachment and Garnishment, supplemental process, and a copy of the Verified Complaint on all garnishees to be served herein.

Dated:   New York, NY, April 9, 2008

_____
                        U.S.D.J.

CERTIFIED AS A TRUE COPY ON

THIS DATE 04-09-08

BY _____
             ( ) Clerk
             ( ) Deputy

# PLAINTIFF'S EXHIBIT D

## Joseph De May, Jr.

**From:**     Mihalik, Mary B [mary.b.mihalik@citi.com]
**Sent:**     Thursday, May 01, 2008 2:25 PM
**To:**       Joseph De May, Jr.
**Subject:**  NOTICE OF FEE APPLIED TO PAYMENT REC'D BY CITIBANK : DAILY SERVICE - MARITIME
              ATTACHMENT - Nippon Yusen v. Charlotte International - 08CV3160-GEL-SDNY - Our Ref.:
              9115/PMK

A $20 fee was applied to the $26,000 payment I advised you of on Monday, 04/28/  We are currently holding
$25,980.00.


Mary B. Mihalik, VP
Citi Markets & Banking
GCO-Litigation
388 Greenwich Street / 17th Floor
New York, NY 10013
tel:   1-212-816-6182
fax:   1-866-560-0633
email: mary.b.mihalik@citi.com


-----Original Message-----
**From:** Mihalik, Mary B [CMB-GCO]
**Sent:** Monday, April 28, 2008 3:19 PM
**To:** 'Joseph De May, Jr.'
**Subject:** NOTICE OF PAYMENT REC'D BY CITIBANK : DAILY SERVICE - MARITIME ATTACHMENT -
Nippon Yusen v. Charlotte International - 08CV3160-GEL-SDNY - Our Ref.: 9115/PMK
**Importance:** High

Dear Mr. De May

Please be advised that Citibank has received a payment f/b/o Charlotte International in the
amount of $26,000.00.  We will continue to hold these funds until further notice from you.

NOTE TO FTN UNIT:  Please continue to hold payment.....thanks, mary


:20:0094301181225
:23B:CRED
:32A:080428USD26000,00
:33B:USD26000,00
:50K:/2507002794
KHALID SULTAN ALMITAIRI (originator)
P.O.BOX 60111
RIYADH 11545
SAUDI ARABIA
:53B:/36074626
:57D://FW051000017

6/25/2008

BK OF AMERICA
**:59:/000685586211**
**CHARLOTTE INTERNATIONAL INC (beneficiary)**
:71A:BEN
:71F:USD0,
-}{5:{MAC:FFFFFFFF}{CHK:C62F37324044}{SAC}}
=04272006 FE85239

Mary B. Mihalik, VP
Citi Markets & Banking
GCO-Litigation
388 Greenwich Street / 17th Floor
New York, NY 10013
tel:   1-212-816-6182
fax:   1-866-560-0633
email: mary.b.mihalik@citi.com

---

**From:** Joseph De May, Jr. [mailto:jdemay@cckvt.com]
**Sent:** Monday, April 28, 2008 9:03 AM
**To:** legal.service@us.standardchartered.com; jmm@mw-law.com; Jennifer.Paley@ubs.com;
lpiechocki@mw-law.com; pmag@americas.bnpparibas.com; pmag@zeklaw.com;
xramaritimeattachmen@barcap.com; aebpmag@zeklaw.com; Corner, Rodd [CMB-GCO]; Mihalik, Mary B
[CMB-GCO]; Maritime.attachments@wachovia.com; maritime.attachments@jpmchase.com;
aebpmag@zeklaw.com
**Subject:** RE: DAILY SERVICE - MARITIME ATTACHMENT - Nippon Yusen v. Charlotte International -
08CV3160-GEL-SDNY - Our Ref.: 9115/PMK

```
Best regards,

Joseph De May, Jr.
Cichanowicz Callan Keane Vengrow & Textor, LLP
61 Broadway, Suite 3000
New York, NY 10006
212-344-7042 (T)
212-344-7285 (F)

PRIVILEGED AND CONFIDENTIAL COMMUNICATION
```