UNITED STATES DISTRICT COURT                    ECF CASE

SOUTHERN DISTRICT OF NEW YORK                   08 CV 3160 (GEL)

| | |
|---|---|
| NIPPON YUSEN KAISHA a.k.a. NYK LINE,<br><br>                                  Plaintiff,<br>- against -<br><br>CHARLOTTE INTERNATIONAL INC. and<br>NN SAFEWAY SHIPPING CO.,<br>                             Defendants. | PLAINTIFF'S MEMORANDUM OF<br>LAW IN OPPOSITION TO THE<br>DISMISSAL MOTION OF DEFENDANT,<br>CHARLOTTE INTERNATIONAL INC. |

INTRODUCTION

Plaintiff submits this memorandum of law in opposition to the motion of defendant,

CHARLOTTE INTERNATIONAL, INC., to dismiss the claims against it for lack of personal

jurisdiction.  Plaintiff's claims are maritime in nature and pursuant to Supplemental Admiralty

Rule B, it has obtained a maritime attachment of CHARLOTTE's property totaling $25,980.00.

ARGUMENT

1.      The text of Supplemental Admiralty Rule B is attached as ADDENDUM 1.

2.      A maritime attachment under Rule B is available where the plaintiff has an in-

personam admiralty or maritime claim against the defendant.  *Supp'l Adm. R. B(1) (Allowing*

*attachment in "an in personam" action).*

3.      In this case, plaintiff's claim is for unpaid ocean freight and other charges

pursuant to a bill of lading contract of carriage.  *Pltff's Opp. Exhibit A.*  Such claims are within

the Court's admiralty and maritime jurisdiction.  *Korea Exp. USA, Inc. v. K.K.D. Imports, Inc.,*

103 F.Supp.2d 682, 686 (S.D.N.Y. 2000).

3.    A maritime attachment under Rule B is limited to cases in which the defendant

*cannot* be "found" within the district in which the action is pending.  To be "found", a defendant

(a) must have sufficient contacts with the district to satisfy personal jurisdictional due process

requirements, and (b) must have someone within the geographical confines of the district on

whom process may be served.  *Chilean Line v. U.S.,* 344 F.2d 757, 760 (2d Cir. 1965).

4.    Thus, by definition, a Rule B maritime attachment is only available where the

defendant is not subject to the Court's personal jurisdiction.  *Id.*

5.    Because jurisdiction over the person is gained only through the attached property,

courts have recognized that Rule B jurisdiction properly is characterized as quasi in rem.  *Amoco*

*Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation,* 605 F.2d 648, 654 (2d

Cir.1979).

6.    Rule B has two purposes - to obtain quasi-in-rem jurisdiction over the defendant's

property and to obtain security for any judgment awarded. See *VTT Vulcan Petroleum, S.A. v.*

*Langham-Hill Petroleum,* 684 F.Supp. 389, 390 (S.D.N.Y. 1988) (citing *Seawind Compania,*

*S.A. v. Crescent Line, Inc.,* 320 F.2d 580, 581-82 (2d Cir. 1963).

7.    Under the law of this Circuit, electronic bank transfers to or from a party

are attachable by a court as they pass through banks located in that court's jurisdiction.  *Aqua*

*Stoli Shipping, v. Gardner Smith,* 460 F.3d 434, 436 (2d Cir. 2006).

8.      At this stage of the proceedings, the Court does not evaluate a plaintiff's maritime attachment by engaging in any fact intensive inquiry into the merits of plaintiff's claim. *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.,* 460 F.3d 434, 445- 47 (2d Cir. 2006).

CONCLUSION

Since plaintiff has attached CHARLOTTE's assets in the amount of $25,980.00, the Court has quasi-in-rem jurisdiction to hear the case and the claims against defendant, CHARLOTTE, should not be dismissed.

Dated:      New York, NY, June 25, 2008

*Respectfully submitted,*

CICHANOWICZ CALLAN KEANE VENGROW
& TEXTOR, LLP
Attorneys for Plaintiff
61 Broadway 3000, New York, NY 10006
212-344-7042

By:     /s/ _____Joseph De May, Jr._____
                JOSEPH De MAY, JR. [JD-9105]

# ADDENDUM

Supplemental Admiralty and Maritime Claims Rule B, 28 U.S.C.A.

Current SectionRule B. In Personam Actions: Attachment and Garnishment

(1) When Available; Complaint, Affidavit, Judicial Authorization, and Process. In an in personam action:

(a) If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property--up to the amount sued for--in the hands of garnishees named in the process.

(b) The plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district. The court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment. The clerk may issue supplemental process enforcing the court's order upon application without further court order.

(c) If the plaintiff or the plaintiff's attorney certifies that exigent circumstances make court review impracticable, the clerk must issue the summons and process of attachment and garnishment. The plaintiff has the burden in any post-attachment hearing under Rule E(4)(f) to show that exigent circumstances existed.

(d)(i) If the property is a vessel or tangible property on board a vessel, the summons, process, and any supplemental process must be delivered to the marshal for service.

(ii) If the property is other tangible or intangible property, the summons, process, and any supplemental process must be delivered to a person or organization authorized to serve it, who may be (A) a marshal; (B) someone under contract with the United States; (C) someone specially appointed by the court for that purpose; or, (D) in an action brought by the United States, any officer or employee of the United States.

(e) The plaintiff may invoke state-law remedies under Rule 64 for seizure of person or property for the purpose of securing satisfaction of the judgment.

(2) Notice to Defendant. No default judgment may be entered except upon proof--which may be by affidavit--that:

(a) the complaint, summons, and process of attachment or garnishment have been served on the defendant in a manner authorized by Rule 4;

(b) the plaintiff or the garnishee has mailed to the defendant the complaint, summons, and process of attachment or garnishment, using any form of mail requiring a return receipt; or

(c) the plaintiff or the garnishee has tried diligently to give notice of the action to the defendant but could not do so.

(3) Answer.

(a) By Garnishee. The garnishee shall serve an answer, together with answers to any interrogatories served with the complaint, within 20 days after service of process upon the garnishee. Interrogatories to the garnishee may be served with the complaint without leave of court. If the garnishee refuses or neglects to answer on oath as to the debts, credits, or effects of the defendant in the garnishee's hands, or any interrogatories concerning such debts, credits, and effects that may be propounded by the plaintiff, the court may award compulsory process against the garnishee. If the garnishee admits any debts, credits, or effects, they shall be held in the garnishee's hands or paid into the registry of the court, and shall be held in either case subject to the further order of the court.

(b) By Defendant. The defendant shall serve an answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

CREDIT(S)

(Added Feb. 28, 1966, eff. July 1, 1966, and amended Apr. 29, 1985, eff. Aug. 1, 1985; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 25, 2005, eff. Dec. 1, 2005.)

ADVISORY COMMITTEE NOTES

1966 Adoption

Subdivision (1)

This preserves the traditional maritime remedy of attachment and garnishment, and carries forward the relevant substance of Admiralty Rule 2. In addition, or in the alternative, provision is made for the use of similar state remedies made available by the amendment of Rule 4(e) effective July 1, 1963. On the effect of appearance to defend against attachment see Rule E(8).

The rule follows closely the language of Admiralty Rule 2. No change is made with respect to the property subject to attachment. No change is made in the condition that makes the remedy available. The rules have never defined the clause, "if the defendant shall not be found within the district," and no definition is attempted here. The subject seems one best left for the time being to development on a case-by-case basis. The proposal does shift from the marshal (on whom it now rests in theory) to the plaintiff the burden of establishing that the defendant cannot be found in the district.

A change in the context of the practice is brought about by Rule 4(f), which will enable summons to be served throughout the state instead of, as heretofore, only within the district. The Advisory Committee considered whether the rule on attachment and garnishment should be correspondingly changed to permit those remedies only when the defendant cannot be found within the state and concluded that the remedy should not be so limited.

The effect is to enlarge the class of cases in which the plaintiff may proceed by attachment or garnishment although jurisdiction of the person of the defendant may be independently obtained. This is possible at the present time where, for example, a corporate defendant has appointed an agent within the district to accept service of process but is not carrying on activities there sufficient to subject it to jurisdiction. (Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580 (2d Cir.1963) ), or where, though the foreign corporation's activities in the district are sufficient to subject it personally to the jurisdiction, there is in the district no officer on whom process can be served (United States v. Cia. Naviera Continental, S.A., 178 F.Supp. 561, (S.D.N.Y.1959) ).

Process of attachment or garnishment will be limited to the district. See Rule E(3)(a).

Subdivision (2)

The former Admiralty Rules did not provide for notice to the defendant in attachment and garnishment proceedings. None is required by the principles of due process, since it is assumed that the garnishee or custodian of the property attached will either notify the defendant or be deprived of the right to plead the judgment as a defense in an action against him by the defendant. Harris v. Balk, 198 U.S. 215 (1905); Pennoyer v. Neff, 95 U.S. 714 (1878). Modern conceptions of fairness, however, dictate that actual notice be given to persons known to claim an interest in the property that is the subject of the action where that is reasonably practicable. In attachment and garnishment proceedings the persons whose interests will be affected by the judgment are identified by the complaint. No substantial burden is imposed on the plaintiff by a simple requirement that he notify the defendant of the action by mail.

In the usual case the defendant is notified of the pendency of the proceedings by the garnishee or otherwise, and appears to claim the property and to make his answer. Hence notice by mail is not routinely required in all cases, but only in those in which the defendant has not appeared prior to the time when a default judgment is demanded. The rule therefore provides only that no default judgment shall be entered except upon proof of notice, or of inability to give notice despite diligent efforts to do so. Thus the burden of giving notice is further minimized.

In some cases the plaintiff may prefer to give notice by serving process in the usual way instead of simply by mail. (Rule 4(d).) In particular, if the defendant is in a foreign country the plaintiff may wish to utilize the modes of notice recently provided to facilitate compliance with foreign laws and procedures (Rule 4(i) ). The rule provides for these alternatives.

The rule does not provide for notice by publication because there is no problem concerning unknown claimants, and publication has little utility in proportion to its expense where the identity of the defendant is known.

6

Subdivision (3)

Subdivision (a) incorporates the substance of Admiralty Rule 36.

The Admiralty Rules were silent as to when the garnishee and the defendant were to answer. See also 2 Benedict ch. XXIV [Reference is to the 6th Edition of Benedict on Admiralty and not to the current 7th Edition].

The rule proceeds on the assumption that uniform and definite periods of time for responsive pleadings should be substituted for return days (see the discussion under Rule C(6), below). Twenty days seems sufficient time for the garnishee to answer (cf. FRCP 12(a) ), and an additional 10 days should suffice for the defendant. When allowance is made for the time required for notice to reach the defendant this gives the defendant in attachment and garnishment approximately the same time that defendants have to answer when personally served.

1985 Amendment

Rule B(1) has been amended to provide for judicial scrutiny before the issuance of any attachment or garnishment process. Its purpose is to eliminate doubts as to whether the Rule is consistent with the principles of procedural due process enunciated by the Supreme Court in Sniadach v. Family Finance Corp., 395 U.S. 337 (1969); and later developed in Fuentes v. Shevin, 407 U.S. 67 (1972); Mitchell v. W.T. Grant Co., 416 U.S. 600 (1974); and North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601 (1975). Such doubts were raised in Grand Bahama Petroleum Co. v. Canadian Transportation Agencies, Ltd., 450 F.Supp. 447 (W.D.Wash.1978); and Schiffahartsgesellschaft Leonhardt & Co. v. A. Bottacchi S.A. de Navegacion, 552 F.Supp. 771 (S.D.Ga.1982), which was reversed, 732 F.2d 1543 (11th Cir.1984). But compare Polar Shipping Ltd. v. Oriental Shipping Corp., 680 F.2d 627 (9th Cir.1982), in which a majority of the panel upheld the constitutionality of Rule B because of the unique commercial context in which it is invoked. The practice described in Rule B(1) has been adopted in some districts by local rule. E.g., N.D. Calif. Local Rule 603.3; W.D.Wash. Local Admiralty Rule 15(d).

The rule envisions that the order will issue when the plaintiff makes a prima facie showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district. A simple order with conclusory findings is contemplated. The reference to review by the "court" is broad enough to embrace review by a magistrate as well as by a district judge.

The new provision recognizes that in some situations, such as when the judge is unavailable and the ship is about to depart from the jurisdiction, it will be impracticable, if not impossible, to secure the judicial review contemplated by Rule B(1). When "exigent circumstances" exist, the rule enables the plaintiff to secure the issuance of the summons and process of attachment and garnishment, subject to a later showing that the necessary circumstances actually existed. This provision is intended to provide a safety valve without undermining the requirement of

preattachment scrutiny. Thus, every effort to secure judicial review, including conducting a hearing by telephone, should be pursued before resorting to the exigent-circumstances procedure.

Rule B(1) also has been amended so that the garnishee shall be named in the "process" rather than in the "complaint." This should solve the problem presented in Filia Compania Naviera, S.A. v. Petroship, S.A., 1983 A.M.C. 1 (S.D.N.Y.1982), and eliminate any need for an additional judicial review of the complaint and affidavit when a garnishee is added.

1987 Amendment

The amendments are technical. No substantive change is intended.

2000 Amendment

Rule B(1) is amended in two ways, and style changes have been made.

The service provisions of Rule C(3) are adopted in paragraph (d), providing alternatives to service by a marshal if the property to be seized is not a vessel or tangible property on board a vessel.

The provision that allows the plaintiff to invoke state attachment and garnishment remedies is amended to reflect the 1993 amendments of Civil Rule 4. Former Civil Rule 4(e), incorporated in Rule B(1), allowed general use of state quasi-in-rem jurisdiction if the defendant was not an inhabitant of, or found within, the state. Rule 4(e) was replaced in 1993 by Rule 4(n)(2), which permits use of state law to seize a defendant's assets only if personal jurisdiction over the defendant cannot be obtained in the district where the action is brought. Little purpose would be served by incorporating Rule 4(n)(2) in Rule B, since maritime attachment and garnishment are available whenever the defendant is not found within the district, a concept that allows attachment or garnishment even in some circumstances in which personal jurisdiction also can be asserted. In order to protect against any possibility that elimination of the reference to state quasi-in-rem jurisdiction remedies might seem to defeat continued use of state security devices, paragraph (e) expressly incorporates Civil Rule 64. Because Rule 64 looks only to security, not jurisdiction, the former reference to Rule E(8) is deleted as no longer relevant.

Rule B(2)(a) is amended to reflect the 1993 redistribution of the service provisions once found in Civil Rule 4(d) and (i). These provisions are now found in many different subdivisions of Rule 4. The new reference simply incorporates Rule 4, without designating the new subdivisions, because the function of Rule B(2) is simply to describe the methods of notice that suffice to support a default judgment. Style changes also have been made.

2005 Amendments

Rule B(1) is amended to incorporate the decisions in Heidmar, Inc. v. Anomina Ravennate Di Armamento Sp.A. of Ravenna, 132 F.3d 264, 267-268 (5th Cir. 1998), and Navieros InterAmericanos, S.A. v. M/V Vasilia Express, 120 F.3d 304, 314-315 (1st Cir. 1997). The time for determining whether a defendant is "found" in the district is set at the time of filing the

8

verified complaint that prays for attachment and the affidavit required by Rule B(1)(b). As provided by Rule B(1)(b), the affidavit must be filed with the complaint. A defendant cannot defeat the security purpose of attachment by appointing an agent for service of process after the complaint and affidavit are filed. The complaint praying for attachment need not be the initial complaint. So long as the defendant is not found in the district, the prayer for attachment may be made in an amended complaint; the affidavit that the defendant cannot be found must be filed with the amended complaint.