UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

NIPPON YUSEN KAISHA a/k/a NYK LINE,

                Plaintiff,

          -v.-

CHARLOTTE INTERNATIONAL INC. and
NN SAFEWAY SHIPPING CO.,

               Defendants.

------------------------------------------------------------x



08 Civ. 3160 (GEL)

**ORDER**

GERARD E. LYNCH, District Judge:

     In this action for breach of a maritime contract, plaintiff proceeded by way of a Rule B maritime attachment. Defendant Charlotte International Inc. moves to dismiss for lack of personal jurisdiction and improper venue. The motion will be denied.

     Preliminarily, defendant misconceives the nature of this action. Rule B provides, not for personal jurisdiction, but rather, for quasi-in-rem jurisdiction where property of the defendant is found within the district. Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation, 605 F.2d 648, 654 (2d Cir. 1979). Indeed, Rule B attachments may be had only where a defendant cannot be "found" in the district of suit. Fed. R. Civ. P. Supp. R. B(1)(a). Accordingly, such an action, by definition, may only be brought where there is no personal jurisdiction over the defendant.

     Defendant's property, in the form of an electronic funds transfer ("EFT"), has been found and attached in this district. For good or ill, under the law of this circuit, such EFTs may be attached just as well as tangible property. See Aqua Stoli Shipping v. Gardner Smith, 460 F.3d 434, 436 (2d Cir. 2006). Defendant's argument that this practice is unconstitutional as a result of the modern due process analysis reflected in cases such as Shaffer v. Heitner, 433 U.S. 186 (1977), and International Shoe Co. v. Washington, 326 U.S. 310 (1945) — whether as a general matter, or because the funds at issue are unrelated to the dispute in this case, or because a party cannot reasonably be expected to anticipate the passage of EFTs through a particular jurisdiction — is precluded by the Second Circuit's decision in Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 273 (2d Cir. 2002). The Court of Appeals in that case expressly rejected defendant's due process claim that a plaintiff in a Rule B case must know in advance the bank through which an EFT will be made and, a fortiori, its argument that a Rule B attachment cannot be had in anticipation of the arrival of an EFT. Id.

Venue in such a quasi-in-rem action is proper where the property is found.  See Land, Air & Sea Transport v. El Nasr Min. Co., No. 06 Civ. 13482, 2008 WL 612732, at *2 (S.D.N.Y. Mar. 4, 2008), citing Amoco, 605 F.2d at 655 ("[M]aritime actors must reasonably expect to be sued where their property may be found.").

Although defendant raises a number of additional arguments in its reply brief, such new arguments will not be considered in connection with this motion.  See Ernst Haas Studio, Inc. v. Palm Press, Inc., 164 F.3d 110, 112 (2d Cir. 1999) (noting that "new arguments may not be made in a reply brief").

Accordingly, it is hereby ORDERED that defendant's motion to dismiss for lack of personal jurisdiction and improper venue is denied.  The parties are directed to appear for an initial conference on August 15, 2008, at 12:00pm.

SO ORDERED.

Dated: New York, New York
        July 29, 2008

                                    _____
                                    GERARD E. LYNCH
                                    United States District Judge