UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
NIPPON YUSEN KAISHA a.k.a. NYK LINE,                    ECF CASE

                    Plaintiff,                              08 CV3160 (GEL)(THK)

— against —                             **ANSWER WITH COUNTERCLAIMS AND CROSSCLAIMS**

CHARLOTTE INTERNATIONAL INC and
NN SAFEWAY SHIPPING CO.,

**Jury Trial Demanded**

                    Defendants.
----------------------------------------------------------------x

      Defendant CHARLOTTE INTERNATIONAL INC., by its attorneys Fensterstock & Partners LLP, making a restricted appearance pursuant to Rule E(8) of the Supplemental Rules For Certain Admiralty and Maritime Claims, submits this Answer and Counterclaim to Plaintiff's Complaint, and Crossclaims against Co-Defendant NN Safeway Shipping Co., as follows:

    1.    Denies the truth of each and every allegation contained in paragraph "1" of the Complaint and respectfully refers all questions of law to the Court.

    2.    Admits that Defendant entered into a Bill of Lading contract with Plaintiff on November 30, 2006 from Baltimore, MD to Jeddah, Saudi Arabia, and that Defendant is listed as the "shipper" on the Bill of Lading, but denies the truth of the remaining allegations contained in paragraph "2" of the Complaint and respectfully refers all questions of law to the Court.

    3.    Denies the truth of each and every allegation contained in paragraph "3" of the Complaint and respectfully refers all questions of law to the Court.

    4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5.  Denies the truth of each and every allegation contained in paragraph "5" of the Complaint.

6.  Denies the truth of each and every allegation contained in paragraph "6" of the Complaint.

### **AFFIRMATIVE DEFENSES**

#### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

7.  The Complaint fails to state a cause of action upon which relief may be granted.

#### **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

8.  Any damages sustained by Plaintiff are a result of the acts or omissions of third persons or entities over which the Answering Defendant exercised no control.

#### **AS AND FOR THIRD AFFIRMATIVE DEFENSE**

9.  By virtue of its own respective acts, Plaintiff is estopped from recovering for its alleged damages.

#### **AS AND FOR FOURTH AFFIRMATIVE DEFENSE**

10. Plaintiff's Complaint must be dismissed pursuant to the doctrines of waiver and ratification.

#### **AS AND FOR FIFTH AFFIRMATIVE DEFENSE**

11. Plaintiff has failed to join all necessary parties to this action.

#### **AS AND FOR SIXTH AFFIRMATIVE DEFENSE**

12. Plaintiff's claims are barred by the doctrine of laches.

#### **AS AND FOR SEVENTH AFFIRMATIVE DEFENSE**

13. Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR EIGHTH AFFIRMATIVE DEFENSE

14. Plaintiff has failed to mitigate any damages it may have sustained as a result of the matters alleged in the Complaint.

### AS AND FOR NINTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims have not been stated with particularity and must be dismissed.

### AS AND FOR TENTH AFFIRMATIVE DEFENSE

16. Plaintiff's action is based purely upon speculation and conjecture and was brought in bad faith.

### AS AND FOR ELEVENTH AFFIRMATIVE DEFENSE

17. Plaintiff is not entitled to an accounts stated.

### AS AND FOR TWELFTH AFFIRMATIVE DEFENSE

18. Plaintiff has failed to sufficiently plead a cause of action for breach of contract.

### AS AND FOR THIRTEENTH AFFIRMATIVE DEFENSE

19. Plaintiff is not entitled to Maritime Attachment and Garnishment, and the Ex Parte Order For Process Of Maritime Attachment And Garnishment (the "Order of Attachment") was submitted in bad faith, without cause, and without justification, since there was no property in this jurisdiction to attach at the time the Order of Attachment was issued, thus causing substantial business interruption and harm to the Answering Defendant's reputation.

### AS AND FOR FOURTEENTH AFFIRMATIVE DEFENSE

20. Plaintiff has improperly secured the attachment of property belonging to the Answering Defendant, within this district, and therefore the Court lacks *quasi in rem* jurisdiction.

### **COUNTERCLAIMS**

Counterclaim Plaintiff Charlotte International, Inc. ("Charlotte"), as and for its counterclaim against Nippon Yusen Kaisha ("Nippon") a.k.a. NYK Line ("NYK"), states as follows:

21. On March 28, 2008, NYK filed a Verified Complaint against Charlotte and NN Safeway Shipping Co., for damages allegedly related to the non-payment of certain shipping and ocean freight charges, totaling $150,000.00, related to the shipment of certain cargo from Baltimore, MD to Jeddah, Saudi Arabia, and sought the Order of Attachment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims. NYK's request for attachment was granted on April 9, 2008, despite the fact that Charlotte had no property present in the district at that time.

22. Upon information and belief all shipping and freight charges were to be borne by Taj Almoufy, a company located in Saudi Arabia that was to be the recipient of the cargo carried by NYK.

23. Upon information and belief, all shipping and freight charges were payable by Taj Almoufy at Jeddah, Saudi Arabia, upon delivery of the cargo to Taj Almoufy.

24. The Bill of Lading, pursuant to which the cargo was shipped to Saudi Arabia, states that it was "payable at Saudi Arabia."

25. Upon information and belief, Co-Defendant, NN Safeway Shipping Co., the "Forwarding Agent" listed on the Bill of Lading, is liable in whole or in part for any and all damages asserted in Plaintiff's Verified Complaint.

26. Upon information and belief, NYK understood at the time it made its request for the instant attachment that Taj Almoufy, not Charlotte, was responsible for all shipping and ocean freight charges for the cargo.

27. Upon information and belief, NYK has not turned over the cargo to Taj Almoufy and has continuously maintained custody and control over the cargo.

28. Upon information and belief, NYK possesses a lien on the cargo for all ocean freight and shipping costs and may sell the cargo privately or at public auction in order to cover the costs of shipping and ocean freight charges related to the cargo.

## Count One
### (Wrongful Attachment)

29.     Charlotte incorporates by reference each and every allegation contained in each paragraph above.

30.     NYK has no basis to allege that it was damaged by Charlotte since Taj Almoufy, not Charlotte, was not responsible for payment of shipping and ocean freight costs, and NYK was aware of this fact.

31.     NYK sought the instant attachment, despite the fact that it already possessed adequate security for its alleged ocean freight charges in the form of a lien on the cargo, over which NYK has continuously maintained custody and control.

32.     NYK sought the instant attachment notwithstanding the fact that Charlotte had no property in this District at the time the Order of Attachment was issued.

33.     Because Charlotte was not obligated to pay any shipping and ocean freight charges to NYK, and because NYK possessed adequate security at the time it sought the Order of Attachment, the instant attachment was made in bad faith, with malice and with gross negligence on the part of NYK.

34.     As a result of NYK's wrongful attachment, Charlotte has suffered losses amounting to at least $100,000.00, comprising the value of Charlotte's property which has been wrongfully attached by NYK and lost business opportunities.

35.     This counterclaim arises out of the same transaction or occurrence with respect to which the action was originally filed. Plaintiff has attached funds belonging to Defendant/Counterclaimant pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and Defendant/Counterclaimant is entitled to security for its counterclaims pursuant to Rule E(7) thereof.

## CROSSCLAIM

### Count One
### (Indemnification Against NN Safeway Shipping Co.)

36. Answering Defendant/Cross-Claimant incorporates by reference each and every allegation contained in each paragraph above.

37. On March 28, 2008, NYK filed a Verified Complaint against Charlotte and NN Safeway Shipping Co. for damages allegedly related to the non-payment of certain shipping and ocean freight charges, totaling $150,000.00, related to the shipment of certain cargo from Baltimore, MD to Jeddah, Saudi Arabia. The Verified Complaint, for purposes of its allegations only, is incorporated by reference herein as though fully set forth at length.

38. Cross-Claimant is incurring and has incurred attorney's fees, court costs, investigative costs and other costs in connection with defending the Verified Complaint, the exact amount of which is unknown at this time. When the same has been ascertained, cross-complainant will seek leave of court to amend this cross-complaint to set forth the true nature and amount of said costs and expenses.

39. If Cross-Claimant is held liable and responsible to Plaintiff for damages as alleged in the Verified Complaint, it will be solely due to the conduct of Cross-Defendants, NN Safeway Shipping Co. Therefore, Cross-Claimant is entitled to be indemnified by said Cross-Defendant, should such liability arise.

40. If Cross-Claimant is held liable or responsible to the Plaintiff for damages, said liability will be vicarious only and said liability will be the direct and proximate result of the active and affirmative conduct on the part of Cross-Defendant.

41. Cross-Claimant is entitled to complete indemnification by said Cross-Defendant for any sum or sums for which it may be adjudicated liable to Plaintiff, with costs of defense, costs of suit, and reasonable attorney's fees incurred therefrom.

## Count Two
### (Contribution Against NN Safeway Shipping Co.)

42.     Defendant/Cross-Claimant incorporates by reference each and every allegation contained in each paragraph above.

43.     Cross-Claimant contends that it is in no way legally responsible for the damages alleged in Plaintiff's Verified Complaint. However, if, as a result of the matters alleged in Plaintiff's Verified Complaint, Cross-Claimant is held liable for all or any part of Plaintiff's alleged damages, Cross-Defendant, to the extent that its fault is determined by the court, is obligated to reimburse and is liable to Cross-Claimant for all or any liability so assessed by way of contribution, and Cross-Claimant accordingly asserts herein such right to contribution.

**WHEREFORE**, the Answering Defendant/Counterclaimant/Cross-Claimant CHARLOTTE INTERNATIONAL INC., demands judgement:

1.  Dismissing the Verified Complaint on all causes of action, granting to the Answering Defendant judgment in its favor on all Counterclaims and Crossclaims herein, together with attorneys fees and all costs and disbursements of this action;

2.  An Order vacating the Ex Parte Order for Process of Maritime Attachment and Garnishment, dated April 9, 2008, issued against the property of Charlotte;

3.  An Order directing all garnishees holding property of Charlotte to release said property; or, in the alternative,

4.  In the event that this Court does not vacate the Ex Parte Order for Process of Maritime Attachment and Garnishment against the property of Charlotte, an Order in accordance with the provisions of Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims, directing Plaintiff to post counter-security in the amount of

$100,000, for the above-stated counterclaim;

5. An Order awarding Charlotte its legal expenses and attorneys fees incurred in defending the present action;

6. Such other, additional and further relief as the Court may deem to be just and proper in the circumstances of this case.

Dated: New York, New York
August 13, 2008

FENSTERSTOCK & PARTNERS LLP

By: _/s/ Blair C. Fensterstock_

Blair C. Fensterstock
Eugene D. Kublanovsky

30 Wall Street, 9th Floor
New York, New York 10005
(212) 785-4100

*Attorneys for Charlotte International Inc.*

TO:

Joseph De May, Jr., Esq.
Cichanaowicz, Callan, Keane,
Vengrow & Textor, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
*Attorneys for Plaintiff*

NN Safeway Shipping Co.
25201 Paseo De Alicia
Suite 104
Laguna Hills, CA 92653

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                       )   ss.:
COUNTY OF NEW YORK  )

BALIR C. FENSTERSTOCK, being duly sworn, deposes and says:

I am the Managing Partner at Fensterstock & Partners, attorneys for Defendant CHARLOTTE INTERNATIONAL INC., in this action. I have read the foregoing Answer with Counterclaims and Crossclaims to Plaintiffs' Complaint and know the contents thereof to be true to my knowledge except as to those matters alleged upon information and belief and as to those matters I believe them to be true.

This Verification is made by me and not by Defendant CHARLOTTE INTERNATIONAL INC., because it is a corporation which has its principal place of business outside the presence of this District, none of whose officers are present in the District.

_____
BLAIR C. FENSTERSTOCK

Sworn to before me this
13th day of August, 2008

_____
Notary Public
JANET SANCHEZ
NOTARY PUBLIC, State of New York
No. 01SA6072349
Qualified in Kings County
Commission Expires 04/01/2010

9